Breitel, J.
(dissenting). Petitioner, a welfare recipient for her dependent children had nominal title, with her one-time husband, to the home in which the whole family lived.' At the very least, even if she had no other substantial interest, that title would have given her a fee simple when her former husband died. Even while he was alive, arguably, she had some present interest in the home. Her interest depended on the intent of a man who is her former husband, the father of two of her children, and currently living with her. Her interest had economic value. The interest should have been conveyed to the welfare department at least by quitclaim deed as a condition for continuing benefits, rather than to her former husband in an attempt to avoid the embarrassment of the outstanding ‘ ‘ tenancy by the entirety.” Welfare agencies are entitled to documents that will protect them from fraudulent conveyances or characterizations of nonownership despite apparent title, without the need to make a record to establish whether a gift had ever been made or whence came the consideration for the purchase of the property.
As for the validity of section 360 of the Social Services Law, since the majority does not reach the question, it is enough to refer to Snell v. Wyman (281 F. Supp. 853, 867-869, affd. on motion 393 U. S. 323) upholding the conformity of that very section with applicable Federal law.
Accordingly, I dissent and vote to reverse the order of the Appellate Division.
Order affirmed, etc.